

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8281 | **DATE** | May 6, 2003 |
| **CASE TITLE** | Cytomedix v. LB Hyperbarics, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to reconsider the bankruptcy court's finding of "related to" jurisdiction [ ] is allowed. The reference to the bankruptcy court is withdrawn. Defendants' motions to dismiss this cause for lack of personal jurisdiction and improper venue [ ] are granted.

The following defendants' motions are denied as moot: Defendants' motion to dismiss for failure to state a claim [ ], motion to abstain from the exercise of bankruptcy jurisdiction [ ] and the alternative motion to stay this proceeding pending the outcome of Judge Kennelly's case, Cytomedix, Inc. v. Perfusion Partners & Associates, Inc., 02 C 4776 [ ].

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| x | Notices MAILED by judge's staff. | | MAY 0 9 2003 | 14 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | 03 MAY -8 PM 9:38 | | |
| | KAM | courtroom deputy's initials | FILED 03-05 10 | KAM |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

02-8281.001                                                      May 6, 2003

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

**MAY 0 9 2003**

CYTOMEDIX, INC.                    )
                                   )
          Plaintiff,               )
                                   )
v.                                 )   No. 02 C 8281
                                   )
LB HYBARICS, INC. d/b/a BREVARD    )
REGIONAL HYPER BARIC CENTER,       )
PAUL W. BUZA and DEBORAH A. BUZA,  )
                                   )
          Defendants.              )

## MEMORANDUM OPINION AND ORDER

Defendants have moved for reconsideration of the bankruptcy court's finding that this case is within the "related to" jurisdiction of the bankruptcy court. The motion will be allowed. We disagree with the findings of Bankruptcy Judge Wedoff in regard to "related to" jurisdiction and agree entirely with the contrary conclusions reached by Judge Matthew F. Kennelly in his memorandum opinion of January 28, 2003 in the case of <u>Cytomedix, Inc. v. Perfusion Partners & Associates, Inc.</u>, 02 C 4776. As Judge Kennelly's analysis demonstrates, the adjudication of these patent cases will not affect the property available for distribution in Cytomedix's bankruptcy nor the allocation of property among creditors. Moreover, counsel for Cytomedix conceded as much in the bankruptcy court before the reorganization plan was confirmed, and, as defendants argue, the doctrine of judicial estoppel prevents

14

Cytomedix from taking a contrary position now. See In re Cassidy, 892 F.2d 637, 641 (7th Cir. 1990).

The reason Cytomedix sought to characterize this as a bankruptcy case is that it would thereby gain the advantage of the expanded personal jurisdiction and venue statutes applicable to bankruptcy cases. (Perhaps Cytomedix is also doing some forum shopping, as suggested by defendants in their alternative motion to abstain from exercising bankruptcy jurisdiction.) But because this is not a bankruptcy case, but a patent case, the ordinary rules of venue and personal jurisdiction apply. Defendants contend that their entire activity has occurred in the state of Florida and that they have done nothing to subject themselves to personal jurisdiction or venue in this district. Cytomedix has the burden of establishing personal jurisdiction and venue, and it has made no effort to do so, relying entirely upon its position that the bankruptcy rules apply.

We agree with Judge Wedoff that the reference to the bankruptcy court should be withdrawn, and the reference is hereby withdrawn.

The cause is dismissed as to all defendants for lack of personal jurisdiction and for improper venue.[1]

---

[1] The defendants' motions to dismiss for failure to state a claim and to abstain from the exercise of bankruptcy jurisdiction are denied as moot. Defendants' alternative motion to stay this proceeding pending the outcome of Judge Kennelly's case, Cytomedix, Inc. v. Perfusion Partners & Associates, Inc., 02 C 4776, is also denied as moot. (However, if we were not dismissing this case, we would grant the motion to stay.)

Date:     May 6, 2003

ENTER:    _____
          John F. Grady, United States District Judge